IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Civil Action No. 3:15-cv-254-DSC

| | |
|---|---|
| YELLOWSTONE CAPITAL, LLC,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED SPIRT, INC. d/b/a INTERNATIONAL SPORTS CENTER, ISC GYMNASTICS AND CHEERLEADING, LLC d/b/a INTERNATIONAL SPORTS CENTER, CHEERSPORT, CORP., VARSITY SPIRIT, LLC, JEFFREY L. FOLKES a/k/a JEFFREY L. FOWLKES, KEVIN T. BRUBAKER, JENNIFER BRUBAKER, JULIA E. O'BRIEN, and CHARLES D. NICHOLS,<br><br>                Defendants. | **STIPULATED PROTECTIVE ORDER** |

      IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-captioned action (the "Action"), through their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the terms and conditions of this Stipulated Protective Order shall govern the production and handling of tangible items, documents, answers to interrogatories, responses to requests for admission, depositions, pleadings, exhibits, plant inspections and other information exchanged by the parties in this Action, including all such material presented at trial.

      IT IS HEREBY ORDERED AS FOLLOWS:

      1.     This Order shall be applicable to and govern all depositions, documents, answers to interrogatories, responses to requests for admission and all other discovery taken pursuant to

the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other tangible items or information which the producing party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" furnished, directly or indirectly, by or on behalf of any party to this Action.

2. CONFIDENTIAL material is intended to mean information of a type contemplated by Rule 26(c)(1) of the Federal Rules of Civil Procedure which a producing party regards as financial, proprietary, or otherwise sensitive business or technical information. Such information includes, but is not limited to, trade secrets, research or development information, technical and/or laboratory results and reports, business proposals, strategies, mergers, consolidations and/or divestitures, balance sheet information, invoices, price lists, financial statements, lists of present or prospective customers, and contracts and other business or technical arrangements with third parties. Any materials created by or on behalf of the receiving party which include CONFIDENTIAL material, including copies, abstracts, summaries or information derived therefrom, or notes or other records, shall also be deemed CONFIDENTIAL material, but only the portion containing such confidential materials, and the same terms regarding confidentiality of these materials shall apply as apply to the originals.

3. HIGHLY CONFIDENTIAL material is CONFIDENTIAL material that a producing party considers to be highly confidential or proprietary, and which that party wishes to further restrict under this Order.

4. CONFIDENTIAL material or HIGHLY CONFIDENTIAL material shall be used by recipients thereof solely for the purposes of this Action or related proceedings involving the same parties wherein the same confidentiality obligations and protections set forth in this Order apply, and not for any other purpose whatsoever, including without limitation competitive

2

purposes. No party shall designate publicly available documents or information as being CONFIDENTIAL or HIGHLY CONFIDENTIAL, including without limitation information as described in Paragraph 13 herein.

5. Information designated as "CONFIDENTIAL" may be disclosed only to the following persons:

    a. outside counsel working on this Action on behalf of a party, and all said counsels' attorneys, paralegals, assistants, stenographic and clerical employees working under the supervision of such counsel;

    b. a party to this case, including in-house attorneys, employees, executives, officers and directors;

    c. any person not an employee of a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) or 5(b) to assist or testify in this Action;

    d. court stenographers, outside copy services, interpreters and translators; and

    e. the Court under seal or with other suitable precaution calculated to maintain confidentiality.

6. Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to persons identified in subparagraphs (a), (c), (d), and (e) of paragraph 5 above.

7. The persons described in paragraph 5(c) shall have access to the CONFIDENTIAL material and/or HIGHLY CONFIDENTIAL material in accordance with the following procedures:

    a. Each such person to whom a disclosure of CONFIDENTIAL material or HIGHLY CONFIDENTIAL material is contemplated must first read the Stipulated Protective Order and agree to maintain such material in confidence pursuant to this Stipulated Protective Order and, if such person is expressly retained or sought to be retained for the purpose of serving as a consulting or testifying expert, sign and date the form in Exhibit A hereto.

    b. The recipient of any CONFIDENTIAL material or HIGHLY CONFIDENTIAL material that is provided under this Order shall maintain such information in a

3
varsity
- 01/28/2016

secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such information.

8. Parties shall designate CONFIDENTIAL material or HIGHLY CONFIDENTIAL material as follows:

   a. In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing either of the following legends on any such document copied or to be copied prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." In providing access to original files and records for inspection, no marking need be made by the party making the records available in advance of the inspection. Thereafter, upon selection by the inspecting party of specified documents for production, the party making the records available for inspection shall mark the copies of such documents for production as either CONFIDENTIAL or HIGHLY CONFIDENTIAL as applicable.

   b. In the case of unmarked CONFIDENTIAL or HIGHLY CONFIDENTIAL information produced or provided on a computer disk, data tape, or other medium that has not been reduced to paper form, designation shall be made by appropriately labeling on such computer disk, data tape or other medium that the physical medium contains unmarked "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material. The specific items of such unmarked CONFIDENTIAL or HIGHLY CONFIDENTIAL information on the physical medium shall also be appropriately identified as being "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on a separate listing which shall be produced with the physical medium. The party receiving such "CONFIDENTIAL" material or "HIGHLY CONFIDENTIAL" material identified on the separate listing produced with the physical medium shall then be responsible for appropriately labeling any printed versions of the material separately identified in the listing that it creates after receiving the information in electronic format.

   c. In the case of depositions, designation of the portion of the transcript (including exhibits) that contains CONFIDENTIAL material or HIGHLY CONFIDENTIAL material shall be made by a statement to such effect on the record in the course of the deposition or thereafter by listing on a separate sheet of paper, the numbers of the pages and lines of the transcript containing CONFIDENTIAL material or HIGHLY CONFIDENTIAL material and producing the listing to the other parties. In the event such a designation is made on the record in the course of a deposition, the portion or portions of the deposition which counsel believe may contain CONFIDENTIAL material or HIGHLY CONFIDENTIAL material will be taken with no one present except those persons who are authorized to have access to such information in accordance with this Stipulated Protective Order, and a court reporter, except that a witness, whose deposition is being taken, may see any document identified as CONFIDENTIAL material or HIGHLY CONFIDENTIAL

> material that indicates, on the face of the document or otherwise, that the witness has previously seen, has been sent or has otherwise been made privy (by oral or written disclosure of the contents) of the document.
>
> d. The portions of transcripts of depositions designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript, or portion thereof, is filed and if it contains CONFIDENTIAL material or HIGHLY CONFIDENTIAL material, the transcript shall bear that legend on the caption page and shall be filed under seal, as hereinafter set forth.
>
> e. In the case of tangible items, designation shall be made by visibly marking the item or items as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

9. The parties shall refrain from the practice of over-designating information, documents, and things as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Acceptance by a party of any information, document, or thing designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not constitute a concession that the information, document or thing is as so designated. A party shall not be obligated to challenge the propriety of any CONFIDENTIAL or HIGHLY CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this Action disagrees at any stage of this Action with such designation, such party shall provide to the producing party ten (10) days prior written notice of its disagreement with the designation. For each specific document, the challenging party shall identify the allegedly improperly designated document by Bates number and identify the reason the challenging party believes that the information contained in the document is neither CONFIDENTIAL nor HIGHLY CONFIDENTIAL. The parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation of confidentiality may request appropriate relief from the Court following the specified ten (10) day period. The burden of proving that information has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is on the designating

party.

10. The parties are authorized to file documents or other items under seal. Any document, pleading, or tangible item which contains CONFIDENTIAL material or HIGHLY CONFIDENTIAL material, if filed or submitted to the Court, shall be filed under seal in compliance with all applicable local rules. In the event that any CONFIDENTIAL material or HIGHLY CONFIDENTIAL material is used in any Court proceeding in connection with this Action, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

11. The Clerk of the Court is ordered to maintain under seal all documents and all transcripts of deposition testimony filed with this Court in this Action by any party which are, in whole or in part, designated as CONFIDENTIAL material or HIGHLY CONFIDENTIAL material, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information.

12. This Order shall be without prejudice to the right of any party to oppose production of any information on grounds other than confidentiality. The inadvertent or unintentional production of documents or information subject to a claim of attorney-client privilege or attorney work product or a designation of confidentiality shall not be deemed a waiver, in whole or in part, of the producing party's claim of privilege, work product or confidentiality as to the information disclosed. Upon written notice by counsel for the producing party of such inadvertent or unintentional production and of such claim of privilege, work product or confidentiality, counsel for the receiving party(s) shall cooperate to restore to the claiming party all such materials as to which the claim of inadvertent production has been made, provided however if the receiving party(s) disagrees as to whether the asserted claim of privilege, work product or confidentiality is

proper, the production shall nevertheless not be deemed a waiver, but such claim and the status of any such material may be determined by the Court upon application of the receiving party. In any event, no person or party shall incur any liability hereunder with respect to a disclosure that occurred prior to receipt of written notice of a belated designation of attorney-client privilege or attorney work product or of confidentiality.

13. This Order shall not be construed: (a) to prevent any party or its attorneys from making use of information which was lawfully in its possession prior to its disclosure by the producing party; (b) to apply to information which appears in public records, printed publications or otherwise becomes publicly known; (c) to apply to information which any party or its attorneys has, before or after disclosure by the producing party, lawfully obtained from a third party having the right to disclose such information; or (d) to apply to information which any party independently develops.

14. Nothing in this Order shall preclude any party to this Action or its attorneys from (a) showing a document designated as CONFIDENTIAL material or HIGHLY CONFIDENTIAL material to an individual who either prepared or reviewed the document prior to the filing of this Action; or (b) disclosing or using, in any manner or for any purpose, any information or documents from a party's own files which the party itself has designated as CONFIDENTIAL material or HIGHLY CONFIDENTIAL material.

15. If any recipient is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document seeks CONFIDENTIAL material or HIGHLY CONFIDENTIAL material produced in this Action, the recipient shall give prompt written notice to counsel for the producing party prior to the deadline for complying with the subpoena or responding to the document demand. No compulsory disclosure to third parties of material

7
varsity
- 01/28/2016

exchanged under this Order shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

16. Within sixty (60) days of the termination of this Action, including all appeals, upon written request, all CONFIDENTIAL material and HIGHLY CONFIDENTIAL material, and all copies thereof, shall be either returned to the producing party or destroyed, except that outside counsel may retain an archival set of pleadings, motions, orders, discovery, other work product, and any exhibits thereto, even if it contains CONFIDENTIAL material or HIGHLY CONFIDENTIAL material. Outside counsel's archival copies shall remain subject to all obligations of this Order. Counsel shall be responsible for ensuring that any non-party recipients who have received CONFIDENTIAL material or HIGHLY CONFIDENTIAL material have either returned it to the producing party or that it has been destroyed.

17. The terms of this Stipulated Protective Order shall be applicable to any third party who produces information which is designated by such third party as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

18. This Stipulated Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 18, inclusive, hereof. In addition, this Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing among themselves to modify or vacate this Order, subject to the approval of the Court.

**SO ORDERED**.

Signed: January 29, 2016

_____
David S. Cayer
United States Magistrate Judge

varsity

- 01/28/2016

The undersigned hereby stipulate to the above Order to be entered by the Court.

**APPROVED FOR ENTRY:**

s/ Seth L. Hudson (w/permission)
Seth L. Hudson, Esq.
CLEMENTS BERNARD PLLC
4500 Cameron Valley Parkway, Suite 350
Charlotte, NC 28211

Gabriel Mendelberg, Esq.
LAW OFFICES OF GABRIEL MENDELBERG P.C.
75 Maiden Lane, Suite 604
New York, NY 10038

*Attorneys for Plaintiff Yellowstone Capital, LLC*

s/ Beth A. Stanfield (w/permission)
Tricia M. Derr, N.C. State Bar # 24438
Beth A. Stanfield, N.C. State Bar # 36296
LINCOLN DERR PLLC
6000 Fairview Road, Suite 655
Charlotte, North Carolina 28210

*Attorneys for Defendants ISC Gymnastics and Cheerleading, LLC d/b/a International Sports Center, Kevin Brubaker, Jennifer Brubaker and Julie O'Brien*

s/ Adam S. Baldridge
Tricia M. Derr, N.C. State Bar # 24438
Beth A. Stanfield, N.C. State Bar # 36296
LINCOLN DERR PLLC
6000 Fairview Road, Suite 655
Charlotte, North Carolina 28210
Telephone: (704) 496-4500
Email: tricia.derr@lincolnderr.com
Email: beth.stanfield@lincolnderr.com

Grady M. Garrison, Esq. (TN BPR #8097)
(*Admitted Pro Hac Vice*)
Adam S. Baldridge, Esq. (TN BPR # 23488) (*Admitted Pro Hac Vice*)
BAKER, DONELSON, BEARMAN
 CALDWELL & BERKOWITZ, PC
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
Telephone: (901) 577-2102
Facsimile: (901) 577-0838
Email: ggarrison@bakerdonelson.com

Email: abaldridge@bakerdonelson.com

***Attorneys for Defendants CheerSport,
Corp. and Varsity Spirit LLC***

**Exhibit A**

**Protective Order Form For Recipients Of Confidential/Highly Confidential Material
in *Yellowstone Capital, LLC v. United Spirit, Inc., et al*, Civil Action No. 3:15-cv-254**

*I, _____ , understand that the parties to the above case hare entered into a Protective Order, I agree to keep all confidential material I receive in this case in confidence, I agree not to disclose or discuss the confidential material with anyone not authorized to receive such material, I agree only to use such material for the purpose of this case and no other purpose, including competitive purposes, and I agree to assist and cooperate with the Court if requested by the Court to do so in order to resolve issues that may arise under the Protective Order.*

*Signature: _____  Date: _____*

*Printed Name: _____*

*Corporate Entity (if applicable): _____*

*Address: _____*

*Email: _____*

*Telephone: _____*

*Cell Phone:* _____